# UNITED  STATES  DISTRICT  COURT
## DISTRICT OF MINNESOTA

This Document Relates to:

Civil No. 16-02066 (JRT/LIB)
*Lonergan v. Ludeman et al.*

Civil No. 16-02092 (JRT/LIB)
*Hogy v. Ludeman et al.*

Civil No. 16-02190 (JRT/LIB)
*Branson v. Piper et al.*

Civil No. 16-02191 (JRT/LIB)
*Foster v. Ludeman et al.*

Civil No. 16-02241 (JRT/LIB)
*Allan v. Ludeman et al.*

Civil No. 16-02237 (JRT/LIB)
*Stevens v. Ludeman et al.*

Civil No. 16-02592 (JRT/LIB)
*Hammermeister v. Ludeman et al.*

Civil No. 16-02604 (JRT/LIB)
*Hand v. Ludeman et al.*

Civil No. 16-02091 (JRT/LIB)
*Karsjens v. Ludeman et al.*

## MEMORANDUM OPINION AND ORDER ON MOTIONS ON REMAND

The Eighth Circuit remanded these cases to the Court, directing that the Court reconsider its dismissal of the cases pending the final outcome in *Karsjens v. Harpstead*, No. 11-3659, 2022 WL 542467, at *6–7 (D. Minn. Feb. 23, 2022) ("*Karsjens* 2022").  After careful review of the final holding in *Karsjens* 2022, the Court will dismiss the Plaintiffs' Complaints with prejudice.[1]

## BACKGROUND

The Court has detailed the complex history of this and related cases in previous orders and incorporates these orders by reference herein.[2]  Thus the Court will provide a more abbreviated background here.

The Plaintiffs in these cases are all patients in the Minnesota Sex Offender Program ("MSOP").  They each claimed that the physical conditions and policies of confinement at the MSOP result in the violation of their Fourteenth Amendment rights to be free from punishment and be free from inhumane treatment.  Each of the cases were dismissed in part because the Court found that Counts 1 and 2 of the Complaints were barred by issue preclusion in light of *Karsjens v. Piper,* 336 F. Supp. 3d 974 (D. Minn. 2018) ("*Karsjens* 2018") *aff'd in part, vacated in part, remanded sub nom. Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021).  The Eighth Circuit subsequently vacated *Karsjens* 2018—the case that was

---

[1] Dismissal with prejudice means that the plaintiffs are barred from prosecuting any later lawsuit on the same claim.  *Dismissal*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[2] *See, e.g., Karsjens* 2022, at *1–2; *Lonergan v. Ludeman,* No. 16-2066, 2019 WL 1324863, at *1 (D. Minn. Mar. 25, 2019) *aff'd in part, rev'd in part and remanded sub nom.*

the basis for the Court's issue preclusion order—after it concluded that the District Court had applied the wrong legal standard. *See Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021), *cert. denied*, 211 L. Ed. 2d 102, 142 S. Ct. 232 (2021) ("*Karsjens II*").[3]

Each Plaintiff in this case appealed the dismissal of their case. The cases were then consolidated on appeal, and the Eighth Circuit reversed the dismissal of the claims in light of *Karsjens II*. *See Branson v. Piper*, No. 19-1956, 2022 WL 302610, at *1 (8th Cir. Feb. 2, 2022). The Eighth Circuit remanded with instructions to stay the matter pending disposition in *Karsjens*. *Id.*

On remand, the *Karsjens* 2022 district court reached the same outcome as it had in 2018. *Compare Karsjens* 2018, 336 F. Supp. 3d at 984–88, *with Karsjens* 2022, 2022 WL 542467, at *6–7 (D. Minn. Feb. 23, 2022). As mandated by the Eighth Circuit, the Court now considers the final holding in *Karsjens* 2022—and specifically whether the collateral estoppel doctrine still applies as to Count 1 and 2 of the Plaintiffs' Complaints. The Court determines that it does.

## ANALYSIS

Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892

---

[3] This decision has been referred to as *Karsjens II* because it is the second Eight Circuit appeal and opinion arising from the *Karsjens* class litigation. *See also Karsjens v. Piper,* 845 F.3d 394, 498 (8th Cir. 2017) ("*Karsjens I*").

(2008) (citing *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001) (internal quotations omitted).  The doctrine relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and encourages reliance on adjudications by preventing inconsistent decisions.  *Simmons v. O'Brien,* 77 F.3d 1093, 1095 (8th Cir. 1996).  Issue preclusion bars parties from relitigating issues "that were actually litigated and necessary to the outcome of a prior judgment."  *Jefferson Smurfit Corp. v. United States,* 439 F.3d 448, 451 (8th Cir. 2006).  Issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Robinette v. Jones,* 476 F.3d 585, 589 (8th Cir. 2007).

The Court previously applied these five factors to Counts 1 and 2 and found that they were subject to issue preclusion because the issues were litigated and decided in *Karsjens* 2018.  *See, e.g., Lonergan v. Ludeman,* 2019 WL 1324863 at *3–4 (D. Minn. Mar. 25, 2019).  The Court found that Plaintiffs' claims were identical to those previously asserted in *Karsjens* 2018.  *Id.*  The Eighth Circuit did not disturb this finding, but because it vacated the decision relied on, there no longer was a "valid final judgment."

On remand, the Court must now consider whether the most recent district court decision in *Karsjens* 2022 alters the outcome of these cases.  Central to this

determination, the district court in *Karsjens* 2022 arrived at the same conclusion as before: it dismissed with prejudice the plaintiffs' class action against the MSOP staff.  *See Karsjens* 2022*, 2022 WL 542467, at *6.  Because the *Karsjens* 2022 court considered the same issues, and arrived at the same conclusion as it did in *Karsjens* 2018, and because the Court's conclusion that the same issues and claims exist in both litigations was not disturbed by the Eighth Circuit, issue preclusion still bars the Plaintiffs' claims here. Nothing has changed.   Therefore, the Court will dismiss the remainder of Plaintiffs' Complaint.[4]

## ORDER

Based on the findings and conclusions of this Court, and the entire record of this case and related cases, it is **HEREBY ORDERED that**:

1. Defendants' Motions to Dismiss Plaintiffs' remaining claims (Counts 1 and 2) [Case No. 16-02066, Docket Nos. 18 and 67; Case No. 16-02092, Docket Nos. 12 and 60; Case No. 16-02190, Docket Nos. 15 and 68; Case No. 16-02191, Docket Nos. 22 and 54; Case No. 16-02241, Docket Nos. 21 and 49; Case No. 16-02237, Docket Nos. 17 and 67; Civil No. 16-02592, Docket No. 11 and 55; Case No. 16-02604, Docket Nos. 18 and 50; Case No. 16-02091,

---

[4] The Court previously dismissed Count 3, and the Eighth Circuit affirmed on that count. *Branson v. Piper*, 2022 WL 302610, at *1.

Docket Nos. 25 and 68.] are **GRANTED.** Plaintiffs' Complaints are

**DISMISSED WITH PREJUDICE.**


DATED:  December 29, 2022
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge